UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALCOLM A. BEY,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CHILD<br>PROTECTION SERVICE, *et al.*,<br><br>    Defendants. | Civil Action No. 22-07591 (JXN)(JRA)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Malcolm A. Bey's ("Plaintiff") Complaint[1] ("Compl.") (ECF No. 1) and application to proceed *in forma pauperis* ("IFP Application"). (ECF No. 4.) Plaintiff's IFP Application establishes his financial eligibility to proceed without prepayment of the filing fee and will be granted. For the reasons set forth below, Plaintiff's Complaint will be dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i-ii).

**I.    BACKGROUND**[2]

Plaintiff commenced this action *pro se* as "consul/third party intervenor" for Munah A. Bey ("Ms. Bey")[3] against the Department of Child Protection Services, the New Jersey Superior Court, and the State of New Jersey (collectively "Defendants"). (*See generally* Compl.) The factual allegations in Plaintiff's Complaint are sparse, and the precise nature of any legal claims arising

---

[1] Plaintiff captioned his Complaint as an "Affidavit of Legal Notice of Removal." (*See* Compl. at *1.)

[2] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.  [3] The Court notes that throughout Plaintiff's Complaint and the exhibits attached thereto, Ms. Bey is also referred to as "Munah A. Hayes" and "Munah A. Hayes Bey". (*See generally* ECF No. 1.)

[3] The Court notes that throughout Plaintiff's Complaint and the exhibits attached thereto, Ms. Bey is also referred to as "Munah A. Hayes" and "Munah A. Hayes Bey". (*See generally* ECF No. 1.)

out of these facts is unclear. However, as best as the Court can discern, Plaintiff's claims against Defendants stem from the removal of Ms. Bey's minor child, A.A.B., from Ms. Bey's care. Based on the same conduct, Plaintiff claims the Defendants have violated Articles IV and VI of the U.S. Constitution, 18 U.S.C. §§ 241 and 242. (Compl. at *11.)[4] Plaintiff seeks the dismissal of cases before the New Jersey State Court, Nos. FN-14-25-23-E (ECF No. 1-2 at *5) and FM-14-000569-14 (ECF No. 1-7 at *2), as well as the return of A.A.B. to Ms. Bey. (ECF No. 1-1 at *5). Additionally, Plaintiff seeks $1,020,000 in compensatory damages from each party involved. (ECF No. 1-3 at *9.)

## II.    LEGAL STANDARD

Plaintiff may proceed *in forma pauperis* under 28 U.S.C. § 1915(a) by submitting an affidavit that states (1) all their income and assets, (2) whether they are able to pay filing fees, (3) the nature of their actions, and (4) the basis for their redress. 28 U.S.C. § 1915(a)(1). District courts may *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim, the Court must apply the same standard of review as that under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[4] Pin-cites preceded by an asterisk (*) refer to the pagination atop the CM/ECF header.

alleged." *Ashcroft,* 556 U.S. at 678. In addition, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.   DISCUSSION

As an initial matter, the Court notes that, although Ms. Bey is listed in the caption of the Complaint, she has not signed the pleadings as required. Fed. R. Civ. P. 11(a) ("Every pleading, … must be signed by…a party personally if the party is unrepresented."). Further, as a non-attorney, Plaintiff cannot assert claims on Ms. Bey's behalf nor sign pleadings for Ms. Bey. *See Ebomwonyi v. Sea Shipping Line*, 473 F.Supp.3d 338, 346 (S.D.N.Y. 2020) (dismissing claims by co-plaintiff who did not sign the complaint and noting that *pro se* plaintiff could represent himself but not anyone else), *aff'd*, No. 20-3344, 2022 WL 274507 (2d Cir. Jan. 31, 2022). "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. Further, the right to proceed *pro se* is personal to the litigant and does not authorize a non-lawyer to represent other parties or entities. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) (holding that Plaintiff "was not entitled to play the role of attorney for his children in federal court"); *see also Prater v. Liberty Mutual Insurance Comp.*, 443 F.Supp.3d 586, 588 (3d Cir. 2020) (holding that Plaintiff may not bring claims on behalf of anyone other than herself in a *pro se* capacity). Plaintiff, therefore, cannot represent Ms. Bey in this matter.

#### A.   Subject Matter Jurisdiction

Next, the Court notes that Plaintiff's Complaint does not provide a basis for this Court to exercise subject matter jurisdiction over this matter. Plaintiff alleges that Defendants improperly

3

removed Ms. Bey's child, A.A.B., from her care. (ECF No. 1-3 at *4-7.) "Although Plaintiff has clothed his complaint in the garb of a civil rights action, the [c]omplaint boils down to a dispute over the custody of his child and the interactions of Plaintiff and Defendants in that custody process." *Foster v. N.J. Div. of Child Prot. & Permanency*, 2018 WL 6069632, at *2 (D.N.J. Nov. 20, 2018). Further, "even when a complaint is drafted in tort, contract, or even under the federal constitution, if the complaint involves matters of domestic relations, it is generally not within the federal court's jurisdiction." *Id.* (internal quotation omitted). Here, Plaintiff's Complaint arises from a child custody matter actively being disputed in state court. (*See generally* Compl.) Federal courts do not have jurisdiction to adjudicate child custody disputes. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (holding that federal courts are divested of power to issue divorce, alimony, and child custody decrees)*; see also Lloyd v. Loeffler*, 694 F.2d 489, 492 (7th Cir. 1982) (holding that federal courts are not well suited to the task of child custody disputes because federal courts are not local institutions, and such cases require "continuing judicial supervision of a volatile family situation"). The proper venue for child custody disputes continues to be state courts. Accordingly, the Court finds that it lacks subject matter jurisdiction over Plaintiff's Complaint.

Moreover, even if this Court had jurisdiction over Plaintiff's claims, it would still decline to exercise jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* is rooted in "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Ongoing child welfare, custody, and removal proceedings are within the class of cases amenable to *Younger* abstention. Child welfare proceedings are akin to criminal prosecutions. *See Moore v. Sims*, 442 U.S. 415, 435 (1979) (approving application of *Younger* abstention in child-welfare litigation in the face of federal constitutional claims); *Yi Sun v. New*

4

York City Police Dep't, 2020 WL 4530354, at *10 (S.D.N.Y. Aug. 6, 2020) ("Child welfare proceedings are akin to criminal prosecutions.").

Based on Plaintiff's pleadings, it is apparent that his claims relate to "active" child welfare proceedings ongoing in state court. (*See* ECF No. 1-2 at *5l ECF No. 1-7 at *2; and ECF No. 1-1 at *5.) State child welfare proceedings implicate important state interests. *McDaniels v. N.J. Div. of Youth and Family Servs.*, 144 F. App'x 213, 215 (3d Cir. 2005) ("New Jersey has a substantial interest in fair administration of child custody and parental rights proceedings."); *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012) ("[T]here is no doubt that state-court proceedings regarding the welfare of children reflect an important state interest that is plainly within the scope of [*Younger*]."); *see also Moore*, 442 U.S. at 435 ("Family relations are a traditional area of state concern."). Plaintiff's ongoing child-welfare proceeding is amenable to abstention under *Younger*. *See Thornton v. New Jersey*, 2024 WL 4441923, at *8 (D.N.J. Oct. 8, 2024); *Lewis v. Diaz-Petti*, 2019 WL 1856794, at *4 (D.N.J. Apr. 25, 2019) (applying *Younger* abstention to Section 1983 case brought against DCP&P); *Foster*, 2018 WL 6069632, at *3; *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 626 (E.D. Pa.), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) ("[C]hild custody proceedings are a strong candidate for Younger abstention."); *Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018) (*Younger* applies to child-welfare and child-custody proceedings). Finally, "there is no reason why Plaintiff may not raise his constitutional claims in the ongoing state proceedings." *Foster*, 2018 WL 6069632, at *3; *Frederick of Fam. Gonora v. Risch*, No. 23-893, 2023 WL 8271932, at *5 (D.N.J. Nov. 30, 2023), *aff'd sub nom*. *Frederick of the Fam. Gonora v. Risch*, No. 23-3266, 2024 WL 1281336 (3d Cir. Mar. 26, 2024) (Noting that "there is a presumption that state courts are equally competent and willing to hear federal statutory and constitutional claims.")). The Court is "unwilling to conclude that state processes are unequal

5

to the task of accommodating the various interests and deciding the constitutional questions that may arise in child-welfare litigation." *Moore*, 442 U.S. at 435.

Accordingly, because this case falls within the class of cases contemplated by *Younger,* this Court finds that abstention is appropriate. *See Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) ("[D]istrict courts must abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding.").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's IFP Application (ECF No. 4) is **GRANTED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED** for lack of subject matter jurisdiction, and alternatively due to abstention under *Younger*. Dismissal of the Complaint will be without prejudice to Plaintiff's right to file a complaint in a state court of competent jurisdiction. An appropriate Form of Order accompanies this Opinion.

**DATED**: December 17, 2025

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge